## FAIRLEY v. STATE.

[75 South. 374, In Banc.]

1. CRIMINAL LAW. *Punishment. Credit for imprisonment during appeal.*

　Where a defendant appeals to the supreme court from a judgment of conviction in the circuit court, by taking the pauper's oath, and failing to prosecute her appeal it is dismissed, this did not deprive her of the right to be credited with the time spent by her in jail pending the appeal as provided for under Code 1906, section 4934, since the order of dismissal was equivalent to an affirmance of the case.

2. CRIMINAL LAW. *Jurisdiction of supreme court over orders and judgments.*

　Until the term of court has expired the supreme court has full jurisdiction over any order or judgment made by the court during the term.

APPEAL from the circuit court of Forrest county.

HON. P. B. JOHNSON, Judge.

Jessie Fairley was convicted of selling intoxicating liquor and appealed.

### On Motion.

The facts are fully stated in the opinion of the court.

*J. E. Davis,* for appellant.

No brief found in record for appellant.

*Ross A. Collins,* Attorney-General, for the state.

The appellant was convicted at the March, 1916, term of the circuit court of Forrest county for retailing and sentenced to pay a fine of one hundred dollars and thirty days in jail. Appellant took the pauper's oath and filed petition for appeal to the supreme court. She has been in jail since the 15th of November, 1916.

The appeal was not prosecuted to a conclusion, no notice was given to the stenographer to transcribe his notes, no assignment of errors was filed and no brief was filed for the appellant.

This court of its own motion dismissed this case on April 23, 1917.

A motion is now filed in this court asking that appellant be allowed credit on the judgment of the lower court for the full time she remained in prison pending said appeal.

Section 4934, of the Code is as follows: "In case of an affirmance by the supreme court of a judgment for imprisonment, if the appellant had remained in prison pending the appeal, the time of imprisonment shall be credited to him, but if he has been on bail, the supreme court shall fix the time for the commencement of his imprisonment, under the judgment of affirmance, so as to cause him to suffer the full time of imprisonment fixed by the judgment of the court below."

The appeal in this case having been dismissed by this court, the court is without jurisdiction to entertain this motion because the case is not in this court any longer.

Section 4934, of the Code grants relief "in case of an affirmance by the supreme court" only. In other words, in the absence of a statute granting the relief, no such relief could be obtained. It therefore follows

that the relief, if any, must be found within the terms of section 4934 of the Code.

I submit, therefore, that the relief cannot be granted for the following reasons, to wit: First, because this court is without jurisdiction the appeal having been dismissed: second, because the case does not come within the terms of the statute as an affirmance was not had in this case, but the appeal was dismissed. *Habeas corpus* is the only way in which appellant can now have this matter determined.

COOK, J., delivered the opinion of the court.

PER CURIAM. Appeal dismissed.

### ON MOTION.

The appellant was convicted in the circuit court of Forrest county upon a charge of selling intoxicating liquors, and was sentenced to pay a fine of one hundred dollars and to confinement in the county jail for a term of thirty days. From this judgment this appeal was prosecuted. A petition for appeal was filed, accompanied by a pauper's oath.

A motion is now filed by appellant asking this court, upon the affirmance of the judgment below, that she be allowed credit for the time she remained in jail pending this appeal. This motion is predicated upon section 4934, Code of 1906, which is in these words:

"In case of an affirmance by the supreme court of a judgment for imprisonment, if the appellant had remained in prison pending the appeal, the time of imprisonment shall be credited to him, but if he have been on bail, the supreme court shall fix the time for the commencement of his imprisonment, under the judgment of affirmance, so as to cause him to suffer the full time of imprisonment fixed by the judgment of the court below."

The attorney-general insists that, inasmuch as this appeal has been dismissed, "the court is without jurisdiction to entertain this motion, because the case is not in this court any longer." We do not think that the contention of the attorney-general is maintainable. Until the term of court has expired this court has full jurisdiction over any order or judgment made by the court during the term.

The order dismissing the appeal heretofore made is equivalent to an affirmance. If the appellant had seen fit to voluntarily dismiss her appeal, an affirmance would follow under section 4932 of the Code. In this instance she did not prosecute her appeal which accomplished the same result. .

It appearing that appellant has remained in jail since she was convicted, much more than for the thirty days she was sentenced, the judgment will be affirmed, and appellant will be discharged upon the payment of the fine and all costs of both courts.

*Affirmed.*

ETHRIDGE, J., (dissenting). Jessie Fairley was convicted of unlawful retailing, sentenced to pay a fine of one hundred dollars, and serve thirty days in jail, and took an appeal to this court under the provisions of section 62, Code of 1906, making the affidavit of poverty and inability to deposit money to cover costs. The case was dismissed at a former day of this term on motion of the attorney-general because of failure to prosecute the appeal. Now the motion is made to credit the appellant with the time spent in jail during the pendency of the appeal.

Rule 20 (72 So. viii) of the supreme court reads as follows:

"When any case shall be called for trial in its order, if no counsel appear and no brief be filed on behalf of the appellant, the cause shall be dismissed for 'want of prosecution.''

114 Miss.—33

Rule 18 (72 So. viii) provides:

"No cause that has been dismissed shall be reinstated without an affidavit setting forth probable error in the proceedings."

No such affidavit as that required by rule 18 has been filed in this case, and no motion has been made by the appellant to reinstate the case for trial on its merits, but the motion is made to be credited with the time served under the provisions of section 4934 of the Code, which reads as follows:

"In case of an affirmance of the supreme court of a judgment for imprisonment, if the appellant had remained in prison pending the appeal, the time of imprisonment shall be credited to him, but if he have been on bail, the supreme court shall fix the time for the commencement of his imprisonment, under the judgment of affirmance, so as to cause him to suffer the full time of imprisonment fixed by the judgment of the court below."

I have always understood that the rules of court are to be binding upon the court itself as well as upon counsel; and while the court has the power to reinstate a cause during the term, on proper motion, under the rules I think it should not do so until the rules are complied with.

Section 62 of the Code, providing for appeals in criminal cases, reads as follows:

"Appeals in criminal cases shall not stay the judgment or sentence appealed from, unless the appellant shall give bond, payable to the state, with sufficient resident sureties or one or more guaranty or surety companies authorized to do business in this state, to be approved by the court or clerk before whom the appeal is taken, in a penalty double the estimated amount of costs accrued and likely to accrue in the case, and conditioned to pay all costs in case the judgment be affirmed. If the appellant shall make affidavit that he is unable to give an appeal bond, and unable to

deposit a sufficient sum of money to cover costs, he shall have an appeal without bond or deposit for costs; and his appeal shall stay the judgment appealed from.''

It is expressly provided in the concluding clause of this statute that an appeal obtained in the manner in which the present appeal is obtained shall stay the judgment appealed from. On the filing of the petition for appeal, accompanied by the affidavit provided for in this section, the judgment of the court was suspended, and appellant was not confined in jail by virtue of the sentence to imprisonment, but was merely confined in jail in default of a bail bond. The time that she spent in jail was not spent in serving a sentence. Section 4934 of the Code must be construed with section 62, and also in connection with chapter 109, Laws of 1908, governing county prisoners. In my opinion, section 4934, providing that, if the appellant had remained in prison pending the appeal, the time of imprisonment should be credited to him, but if he has been on bail the supreme court should fix a time for the commencement of his imprisonment, applies only to sentences where the judgment has not been superseded. Under our law a party can appeal without *supersedeas,* and go to prison and serve his time without losing his right of appeal. If he does this, of course, the time should be credited to him; but if he supersedes the judgment, it is difficult to see how he can get time for serving a sentence under a judgment that was not operative when he was serving the time.

Chapter 109, Laws of 1908, provides for the working of county convicts upon the public highway or the county farm, or by confining in jail, to be determined by the board of supervisors, and not by the convict. If the convict is kept in jail, he is kept there at the public expense; while if he is worked on the farm or the highways, the county gets the benefit of his services, which usually more than pay the expense of his keep. It is a well-known fact that prisoners do not like to

work on the roads or the farm, but prefer to remain idle and at ease in the county jail, and the construction placed upon section 4934 in the majority opinion will result in the convicts appealing their cases purely for the purpose of avoiding going to the farm or roads. The experience of the law-enforcing authorities in this state shows that the blind tiger evil, or the illicit sale of liquor, is one difficult of eradication, and the only effective means found so far is to put the violator at hard labor as a punishment for his crime. An imposition of fines amounts to nothing, as the profits of this illicit business are large, and the class of criminals who pursue this business care nothing for the disgrace of imprisonment but do shrink from hard labor. I write this dissent that the legislature may at the next session make this policy effective by appropriate legislation, if it sees proper to do so.